NELSON'S BUS, INC.

v.

**TOWN OF BURRILLVILLE et al.**

No. 93–350–Appeal.

Supreme Court of Rhode Island.

March 25, 1994.

Jeffrey Gladstone, Partridge, Snow & Hahn, Providence, for plaintiff.

Edmund Alves, Jr., Gorham & Gorham, Raymond A. Marcaccio, Joseph V. Cavanagh, Jr., Blish & Cavanagh, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument March 15, 1994, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The plaintiff, Nelson's Bus, Inc., appeals from a judgment entered in the Superior Court denying its complaint for injunctive relief. The standard of review applied by the Superior Court in considering the bidding process conducted by defendant Town of Burrillville was consistent with the opinions of this court as set forth in *Paul Goldman, Inc. v. Burns*, 109 R.I. 236, 283 A.2d 673 (1971), and *Gilbane Building Co. v. Board of Trustees of State Colleges*, 107 R.I. 295, 267 A.2d 396 (1970). In essence these cases hold that "when officials in charge of awarding a public work's contract have acted fairly and honestly with reasonable exercise of sound discretion, their actions shall not be interfered with by the courts." *Gilbane*, 107 R.I. at 302, 267 A.2d at 400. Nothing contained in G.L.1956 (1991 Reenactment) chapter 55 of title 45, as enacted by P.L.1992, ch. 394, § 1, entitled "Award of Municipal Contracts," changes the standard of review set forth in our cases. Our review of the record discloses that the trial justice neither overlooked nor misconceived material evidence in his findings of fact, nor was he otherwise clearly wrong in said findings. *Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35, 39 (R.I. 1992). He was correct in his application of the standard of review of the bidding process. He committed no error in denying injunctive relief.

Consequently the appeal of the plaintiff is denied and dismissed. The judgment entered in the Superior Court is affirmed.

MURRAY, J., did not participate.